FRED W. JONES, Jr., Judge.
In this suit against the managing agent of a family corporation and partnership for damages for mismanagement, plaintiffs were simply awarded their portion of the remaining cash assets of the partnership. Plaintiffs appealed, contending the trial court erred in concluding the defendant was a reasonable and prudent administrator of the family business, in not awarding them damages, and in assessing them with one-half of the court costs.
For the reasons hereinafter set forth, we affirm.
For many years the Loe family operated a marine supply business in Shreveport under the corporate name of Loe Marine Supply Company, Incorporated. The founders of this corporation and owners of the stock in equal proportions were three Loe brothers and a Loe sister. These siblings were also the members of a family partnership, Loe Building Company, which owned property located on Stoner Street in Shreveport.
Edwin Loe, one of the founding brothers, died in 1968. His corporate stock in the marine supply business and interest in the partnership were inherited by his survivors [plaintiffs herein]. At that time one of the brothers, Sherwood B. Loe, who had been managing the partnership property, assumed daily operation of the corporate business also.
In the late 1970’s the corporate business began to decline. Therefore, the family members decided to expand into the retail boat distribution business. In order to finance the large amount of inventory needed, the directors of the corporation [these family members] borrowed money from a local bank. In order to secure these loans, the same individuals [as members of the family partnership] executed a collateral mortgage covering the Stoner Street property.
In January 1979 the building on the Stoner Street property was leased to Griffin Outboard Marine for $3,000 per month. As part of his managing duties Sherwood Loe collected the rentals, paid the taxes and *690 insurance on the property, and disbursed the net profits to the partners.
The corporate venture into the boat distribution business proved unsuccessful and in late 1979 shareholders decided to liquidate the corporation. Sherwood Loe also managed this process.
In May 1980, because of lack of income from other sources, Sherwood Loe began applying the rental income from the partnership building on Stoner Street to payment of the loans secured by the collateral note and mortgage. In late 1980 the survivors of Edwin Loe objected to the use of their share of the rental income to pay the corporate debts. At that time Sherwood Loe refused to discontinue the practice, but later changed his mind and again remitted to the objectors their share of the rental income.
The bank which had made the corporate loans eventually found it necessary to foreclose on the partnership property covered by the collateral mortgage. However, because a written pledge agreement had not been obtained, the bank elected to purchase the interest of the survivors of Edwin Loe in the property.
In February 1982 those survivors filed this suit against Sherwood Loe to recover rental income, cash and directors’ fees allegedly withheld by the defendant, and attorney fees for defending the foreclosure suit.
In oral reasons for judgment the trial judge found that plaintiffs were aware that the rental income was being used to pay the loans secured by the collateral note and mortgage; that defendant was reasonable and prudent in spending partnership assets to repair the building in order to keep the tenant; and there was no evidence that defendant was anything but a prudent administrator in his management of the family affairs.
Plaintiffs argue on appeal that defendant misrepresented facts concerning the finances of the corporation which culminated in the loss of the partnership property in the foreclosure suit, thereby damaging them.
The trial court’s findings of fact have ample support in the record. The collateral note and mortgage were signed by all parties to the lawsuit and the note payable to the bank was listed in the corporation’s financial statement filed in the record. Therefore, plaintiffs’ argument that defendant misrepresented the financial condition of the corporation is without merit.
Considering the fact that all the parties desired to keep the partnership building, it was reasonable for defendant to pay the collateral note with rental income in order to prevent foreclosure on the building. Defendant’s use of rental income to make necessary repairs was also a reasonable effort to keep a tenant. Whatever loss plaintiffs may have suffered as a result of the foreclosure was not caused by the defendant. Under the circumstances defendant did everything possible to prevent foreclosure.
Since the defendant was not the cause of the foreclosure suit by the bank, the trial judge correctly found him not liable for attorney fees incurred therein.
The trial court did not abuse its discretion in assessing one-half of the court costs to each party.
For these reasons, the district court judgment is affirmed. Costs of appeal are assessed to plaintiffs.